**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| COOK, STRATTON & COMPANY, INC.,<br><br> Plaintiff,<br><br> v.<br><br>UNIVERSAL INSURANCE GROUP, INC., ET AL.,<br><br> Defendants. | CIV. NO. 05-2173(PG) |

**OPINION AND ORDER**

Before the Court is the motion in limine (Docket No. 69) to exclude expert and factual witness evidence that plaintiff Cook, Stratton & Company (hereinafter "CS" or "Plaintiff") wishes to present at trial, which was filed by co-defendants Universal Group, Universal Insurance Company, and Universal Health & Accident Insurance (collectively, "Universal" or "Defendants"). Plaintiff responded by filing an opposition to the motion in limine (Docket No. 70) and Defendants in turn submitted a reply (Docket No. 74). For the following reasons, the Court **GRANTS** Defendants' motion in limine and excludes Plaintiff's expert and factual witness evidence described in detail below.

**I. Discussion**

In essence, Defendants' motion in limine argues that the Plaintiff's belated announcement of expert and fact witnesses on March 8, 2010 for trial on April 26, 2010, was an abuse of discovery meriting exclusion. The Court established discovery deadlines at its Initial Scheduling Conference ("ISC") held on June 18, 2009 and by its Order issued on June 24, 2009 (Docket No. 46) setting deadlines in accordance with the parties' Joint Initial Scheduling Conference Memorandum (Docket No. 45)("ISC Memo"). An overall deadline of January 30, 2009 to complete discovery was imposed. Plaintiff's deadline to produce its economic expert's report was set for October 15, 2009, while Defendants were given until November 15, 2009 to identify their own expert witnesses and provide their credentials. The parties submitted a joint deposition schedule, which the Court approved; fact witness depositions were

Civ. No. 05-2173 (PG)                                                    Page 2

to conclude by November 13, 2009.

On March 1, 2010, Defendants filed a motion to compel discovery (Docket No. 67) because Plaintiff had not submitted the answers to Defendants' interrogatories and request for production of documents that had been notified on December 7, 2009; Plaintiff had not complied even after court order and Defendants' numerous requests.  The Court thus granted said motion and ordered Plaintiff to produce the written discovery by March 8, warning Plaintiff that failure to do so would result in strict sanctions, including the exclusion of such evidence at trial. (See Docket No. 68.)  On March 8, Plaintiff's submitted the answers to the interrogatories that alerted Defendants for the first time of its intention to use at trial an economic expert witness and several fact witnesses.  Defendants claim that they have been unable to depose any of the newly announced witnesses since it was unaware of their existence and of Plaintiff's intention to use them as witnesses in this case; . Defendants find that they will be prejudiced by their testimony because of the disadvantage caused by the inability to take the witnesses' depositions in time to adequately prepare to counter their testimony.

### A. Expert Witness

Plaintiff failed to deliver an expert report by its proposed economic expert, Julie Worley, by the October 15, 2009 deadline imposed by the Court. In fact, Plaintiff has not submitted an expert report at all.  Defendants object to Plaintiff's use of previously undisclosed expert testimony at trial in contravention of court orders as well as of mandatory expert discovery rules. See FED. R. CIV. P. 26(a)(2) (requiring a written expert report to be delivered to the opposing party and requiring expert testimony to be disclosed within ninety (90) days of trial in absence of court order).  Clearly, Plaintiff's failure to disclose its expert until March 8, 2010, way beyond the October 15, 2009 deadline and forty nine (49) days before trial, in addition to its failure to produce an expert report, places Defendants at a substantial disadvantage in rebutting such testimony.   In its opposition, however, Plaintiff conceded that Julie Worley did not produce a report within the Court's discovery deadlines, and therefore, agreed to withdraw their economic expert. In accordance with Plaintiff's stipulation, the Court **excludes** Julie Worley's expert testimony at trial.

**B. Fact Witnesses**

Defendants also request the exclusion of factual witness testimony by Myrna Gonzalez, Roy Caraballo, Fernando Bruno, and several unnamed representatives from the Office of the Commissioner of Insurance. Defendants argue that Plaintiff failed to disclose said witnesses in its initial disclosures and in the ISC Memo as required by Federal Rule of Civil Procedure 26, and also failed to provide their identities and knowledge of facts relevant to the case prior to the January 30 overall discovery deadline. Plaintiff responds that it did include a list of witnesses in its Rule 26 initial disclosure and that it tried but failed to resolve all pending discovery disputes by attempting to confer in a meeting pursuant to Local Rule 26. Defendants retort that this is not a discovery dispute, but rather an issue of law regarding the presentation of evidence at trial. This Court agrees with Defendants.

The Federal Rules of Civil Procedure require the initial disclosure of "[e]ach individual likely to have discoverable information - along with the subjects of that information - that a disclosing party may use to support its claims or defenses. . . ." See Fed. R. Civ. P. 26(a)(1)(A). Thereafter, "[a] party *must* provide to the other parties and promptly file . . . (i) the name and, if not previously provided, the address and telephone number of each witness - separately identifying those the party expects to present and those it may call if the need arises; (ii) the designation of those witnesses whose testimony the party expects to present by deposition and, if not taken stenographically, a transcript of the pertinent parts of the deposition. . . . See Fed. R. Civ. P. 26(a)(3) (emphasis added). Such pretrial disclosures "*must* be made at least 30 days before trial" unless the Court has ordered otherwise. See id. (emphasis added). Finally, the Rules impose an ongoing duty upon the parties to supplement or correct their disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. . . ." See Fed. R. Civ. P. 26(e).

The Court first finds that, contrary to Defendants' stipulation, Plaintiff did include the above-mentioned fact witnesses in its initial

Civ. No. 05-2173 (PG)                                                    Page 4

disclosure evidenced in counsel's letter dated November 20, 2008. (See Docket No. 70, Ex. 1.) However, while Plaintiff listed them as individuals "likely to have discoverable information" under the initial disclosure standard, Plaintiff failed to mention them in the more recent ISC Memo dated June 10, 2009, which specifically listed the fact witnesses whose testimony Plaintiff intends to introduce at trial.  It was not until Plaintiff was compelled by court order to produce answers to Defendants' interrogatories on March 8, 2010, well beyond the fact witness deposition deadline of November 13, 2009, as well as the January 30, 2010 overall discovery deadline, that Plaintiff disclosed the fact witnesses at issue.  The Court deems it highly unlikely that Plaintiff also "promptly filed" and provided Defendants with their addresses and telephone numbers, separating those witnesses it expects to present from those it expects to call if the need arises, in a manner comporting with Rule 26(a)(3)'s mandatory requirements.

     Moreover, the Court finds that Plaintiff has not provided any justification or excuse for its prejudicial delay, nor attempted to show that the delay is harmless.  Neither has Plaintiff shown that it supplemented its disclosures in a timely manner as mandated by Rule 26(e), for example by updating the factual witness list in the ISC Memo.  "Rule 37(c)(1) provides an exclusionary sanction for failures to disclose witnesses as required by [Rule] 26: 'A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at trial . . . any witness . . . not so disclosed.'" Grajales-Romero v. American Airlines, Inc., 194 F.3d 288, 297 (1st Cir. 1999) (quoting FED. R. CIV. P. 37(c)(1)); see generally 8B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2289.1 (3d ed. 2010)).  Plaintiff offered no reason for failing to disclose Myrna Gonzalez, Roy Caraballo, Fernando Bruno, and the unnamed representatives from the Office of the Commissioner of Insurance, while discovery was still open.   Therefore, factual witness testimony from these individuals is **excluded**.  Only those witnesses disclosed in the parties' joint ISC Memo will be allowed to present testimony.

Civ. No. 05-2173 (PG)                                                                Page 5

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, April 13, 2010.

                                        S/ JUAN M. PEREZ-GIMENEZ
                                        JUAN M. PEREZ-GIMENEZ
                                        U.S. District Judge